In re RABEX AMURU OF NORTH CAROLINA, INC., Debtor.

AMURU JAPAN, LTD., Plaintiff,

v.

RABEX JAPAN, LTD., Rabex of North Carolina, Inc., and Kaoru Konno, Defendants.

Bankruptcy No. 95–13129C–11D.
Adversary No. 96–2007.

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

April 19, 1996.

Ashley H. Story and James B. Angell, Raleigh, NC, for debtor.

Gill P. Beck, Greensboro, NC, for HUD.

## ORDER

WILLIAM L. STOCKS, Chief Judge.

This adversary proceeding started out as a state court action which was filed in the Superior Court of Craven County, North Carolina, on August 4, 1995. The temporary restraining order and temporary injunction which are at issue were entered in the state court on August 4, 1995 and August 23, 1995, respectively. The complaint alleges six claims for relief. The first claim for relief seeks specific performance of an agreement dated April 20, 1995 which allegedly obligated Rabex Japan, Ltd. to transfer 5,000 shares of the common stock of the Debtor to the plaintiff. The second claim for relief is based upon two agreements (a "guaranty agreement" and a "letter of commitment") between the plaintiff and Rabex Japan, Ltd. which were entered into in April of 1993, and under which it is alleged that Rabex Japan is obligated to transfer its assets, including the 5,000 shares of stock in the Debtor and its shares of stock in Rabex of Colorado, Inc. (a Colorado corporation) to the plaintiff. The third claim for relief seeks damages for breach of contract in the event the plaintiff is not able to obtain specific performance of the agreements referred to in the first two claims for relief. The fourth claim for relief seeks damages for breach of an implied covenant of good faith and fair dealing. The fifth claim for relief seeks damages for civil conspiracy between Rabex Japan, Ltd. and Kaoru Konno. The sixth claim for relief seeks damages from Rabex Japan, Ltd. and Kaoru Konno for alleged unfair and deceptive trade practices involving the failure/refusal to comply with the agreements between the plaintiff and Rabex Japan.

On November 7, 1995, while the suit filed in Craven County was still pending there, the plaintiff and two other creditors filed an involuntary Chapter 11 petition against the Debtor, Rabex of North Carolina, Inc. On December 7, 1995, an order for relief was entered in the involuntary case and Rabex of North Carolina, Inc. became a Chapter 11 debtor in this court.

Following the filing of the Chapter 11 case against Rabex of North Carolina, Inc., the state court action pending in Craven County was removed from the state court to the Bankruptcy Court for the Eastern District of North Carolina by the defendants pursuant to 28 U.S.C. §§ 1452 and 1334 and Bankruptcy Rule 9027. Following the removal of the state court action to the bankruptcy court, the plaintiff in this action sought to transfer the first claim for relief in the complaint from the Bankruptcy Court for the Eastern District of North Carolina to this court and to remand all other claims alleged in the complaint back to the state court. The defendants then filed a motion in the Bankruptcy Court for the Eastern District of North Carolina to transfer venue of the entire adversary proceeding to this court. Following a hearing in the Bankruptcy Court for the Eastern District of North Carolina on February 1, 1996, an order was entered in which Judge Leonard found that the claims in this action were related to the bankruptcy case of the Debtor, Rabex Amuru of North Carolina, Inc., and concluded that the bankruptcy court, therefore, had jurisdiction. Judge Leonard also found that the case did not present any facts that justified an equitable remand to the state court and denied the plaintiff's motion to remand. Concluding that the proper venue for this action lay in the district where the bankruptcy case was pending, Judge Leonard granted the motion to transfer this action to this court. Following the transfer of this adversary proceeding to this court, an order was entered in the underlying Chapter 11 case appointing John A. Northen as Trustee for the Debtor.

The matters now before the court are motions by defendants Rabex Japan, Ltd. and Kaoru Konno to dismiss this adversary proceeding on the ground of *forum non conveniens,* a motion to dismiss for failure to state a claim for relief which was filed on behalf of the Debtor before the appointment of a Trustee and a motion by Rabex Japan, Ltd. and Kaoru Konno to dissolve or, in the alternative, to modify the restraining order and injunction entered in the state court in this action before it was removed to the bankruptcy court.

■ The authority of a federal court to dismiss an action through the doctrine of *forum non conveniens* derives from the inherent power of a court to control the administration of the litigation before it and to prevent its process from becoming an instrument of abuse, injustice or oppression. Pursuant to this inherent power, a federal court may decline to exercise its jurisdiction even though the court has jurisdiction and the venue of the case is proper.

■ The doctrine of *forum non conveniens* is operative when an alternative forum has jurisdiction to hear a case, and when a trial in the forum selected by the plaintiff would cause oppressiveness and vexation to the defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems. Under such circumstances, the court may, in the exercise of its sound discretion, dismiss the case notwithstanding that jurisdiction and venue are established by the plaintiff. *See American Dredging Co. v. Miller,* 510 U.S. 443, ——, 114 S.Ct. 981, 985, 127 L.Ed.2d 285 (1994).

■ The application of the doctrine of *forum non conveniens* involves a three step inquiry. First, the court must determine whether there exists another forum that is available to the litigants and which would provide an adequate remedy to the prevailing party. The second step in applying the doctrine requires a balancing of "private interest" factors. These factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for

the attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) probability of an opportunity to view the premises, if such a view would be appropriate to the action; and (4) other factors affecting the ease, speed and expense of trial or the enforceability of a judgment if obtained. The third step which may be required in applying the doctrine involves a consideration of certain "public interest" factors which include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of the case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems regarding conflicts of law, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824 (5th Cir.1993). As a general rule there is a strong presumption in favor of a plaintiff's choice of forum which must be overcome by the party seeking to invoke the doctrine of *forum non conveniens.* However, a foreign plaintiff's selection of an America forum may deserve less deference than an American citizen's selection of his home forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. at 256, 102 S.Ct. at 265–266.

■ The question of there being a suitable alternative forum available to the parties in the present case is not sharply disputed. The plaintiff is a Japanese corporation. Defendant Rabex Japan, Ltd., also is a Japanese corporation and the individual defendant, Kaoru Konno, is a Japanese citizen. The agreements which were made in April of 1993 called for Rabex Japan, Ltd. to manage funds in Japan which were deposited into a Japanese bank. This contract admittedly was entered into in Japan. While it is not admitted by the plaintiff that the April, 1995 agreement was made in Japan, it is an agreement between Japanese corporations and the action to enforce the agreement is primarily a suit by one Japanese corporation against

another one. Amuru Japan, Ltd., Rabex Japan, Ltd. and Kaoru Konno, as corporate and individual citizens of Japan, are subject to the jurisdiction of the courts of Japan. While there was no evidence as to the precise nature of the remedies which may be available under Japanese law, it is a safe assumption that where citizens of Japan enter into legal agreements, the courts of that land provide a remedy for the parties to those contracts if the contracts are breached. "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they receive in an American court." *In re Air Crash Disaster,* 821 F.2d 1147, 1165 (5th Cir.1987). In the present case, the court concludes that Japan constitutes a suitable alternative forum within the meaning of the *forum non conveniens* doctrine.

The next step in this action is for the court to weigh the "private interest" factors in order to determine if the plaintiff's choice of forum will cause oppressiveness and hardship to the defendants out of all proportion to the plaintiff's convenience in utilizing the forum selected by the plaintiff. Most of these factors weigh heavily in favor of the movants and toward granting the motion. Regarding the relative ease of access to sources of proof, it is clear that most sources of proof in this action lie in Japan and access to such sources of proof would be much easier and more convenient in Japan. For example, the bank records, business records of the parties and other records related to the funds of the plaintiff received and disbursed by Rabex Japan from one or more banks in Japan pursuant to the "guaranty agreement" are located in Japan where the banks and the parties have their offices. Virtually all of these records, along with the agreements between the parties, are written in Japanese and would have to been translated into English if this action were to be tried in this court. Additionally, most of the witnesses are Japanese and are located in Japan. Obviously, compulsory process is not available in this court to compel any such witnesses to come to North Carolina to testify in this court if they are not willing to do so. Even if such witnesses are willing to appear volun-

tarily, it would be very expensive and burdensome to provide transportation, lodging, etc., for such witnesses. Also weighing in favor of granting the motion is the fact that some of the witnesses in this action do not speak English and will be able to testify only through an interpreter. While it is possible to communicate in this manner, it is a cumbersome procedure and adds additional expense to the presentation of the case. These factors outweigh any convenience which would result to the plaintiff from the trial of this action in this court.

Plaintiff has one officer and employee, Myuki Knight, who currently resides in North Carolina and who is available to testify in this court without any significant travel. However, Ms. Knight is Japanese, speaks Japanese as well as English, and faces no language barrier if called upon to testify in a Japanese court. While the golf resort owned by Rabex Amuru of North Carolina, Inc., is located in the Middle District of North Carolina, this is not an action in which a jury view of the premises will be required in order to try the issues in this action involving stock ownership and not the operations of the golf resort. These considerations and the presumption in favor of plaintiff's selection of forum, however, are greatly outweighed by those factors which favor the movants and the granting of their motion.

Having decided that the private interests in this case justify dismissal under the doctrine of *forum non conveniens,* it is not necessary to consider the public interests. Nonetheless, the court also has considered the "public factors" which are pertinent in this case. These factors, too, support the granting of the motion. Although this court is not so congested that it could not handle this case without neglecting other cases, to do so would involve the court extensively and unnecessarily in the application of Japanese law as well as create unnecessary problems in conflicts of law. Also, there has been a demand for jury trial in this action. This means that if this action were tried in this forum, citizens in this forum would be called upon to serve in a lengthy and complex proceeding which is largely unrelated to this forum. The court, therefore, has concluded

that a consideration of the "public factors" also leads to the conclusion that the motion to dismiss filed on behalf of Rabex Japan, Ltd. and Kaoru Konno should be granted and this action dismissed as to them pursuant to the doctrine of *forum non conveniens.*

This leaves as the sole remaining defendant, the Debtor, Rabex of North Carolina, Inc. Since the only relief sought against the Debtor is to require the Debtor to carry out the mechanics of transferring stock from Rabex Japan to the plaintiff in the event the plaintiff prevailed in this action, and since Rabex Japan no longer will be a party to this action, the complaint fails to state a claim for relief against the Debtor. Therefore, the Rule 12(b)(6) motion to dismiss this action as to Rabex Amuru of North Carolina, Inc., also should be granted.

A temporary restraining order or temporary injunction, being interlocutory, does not survive the dismissal of the action in which they were issued. *See Venezia v. Robinson,* 16 F.3d 209 (7th Cir.1994); *Cypress Barn Inc. v. Western Electric,* 812 F.2d 1363 (11th Cir.1987). Since this action is being dismissed, there is no need for the court to rule on the defendants' motion to dissolve or, in the alternative, the restraining order and temporary injunction entered earlier in this action.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

(1) The motion to dismiss based on the ground of *forum non conveniens* is granted and this action is dismissed as to defendants Rabex Japan, Ltd. and Kaoru Konno; and

(2) The motion pursuant to Rule 12(b)(6) to dismiss on the ground of failure to state a claim is granted and this action is dismissed as to the remaining defendant, Rabex Amuru of North Carolina, Inc.